IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEANTHIA EDWARDS, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| THE KING SUITES and ) | |
| RANDALL M. DOST, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

# COMPLAINT

COMES NOW the Plaintiff, Deanthia Edwards ("Plaintiff" or "Edwards"), by and through her undersigned counsel, files this Complaint against Defendants The King Suites[1] and Randall M. Dost pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA" or "the Act"), for unpaid straight-time and overtime compensation, as well as retaliation, and in support thereof would state as follows:

---

[1] Despite advertising itself as "The King Suites," there is no company named "King Suites" (or any derivative name thereof) registered with the Georgia Secretary of State. Accordingly, Plaintiff reserves the right to amend her complaint to identify any corporate owner of King Suites, and its owner and operator, if different from the Defendants named herein.

## I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage, overtime, and retaliation provisions of the Act by Defendants which have deprived the named Plaintiff of her lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA.  The Plaintiff was employed by Defendants, working as a housekeeper for Defendants in College Park, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have willfully committed violations of the FLSA by failing to compensate Plaintiff at minimum wage or at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Defendants offered Plaintiff residency at Defendants' rental home in exchange for the Plaintiffs' agreement to perform the equivalent of full-time employment (40 hours per week), plus overtime, taking care of multiple homes. However, Defendants failed to meet a number of requirements necessary to qualify for a lodging credit towards wages pursuant to Section 3(m) of the FLSA.

5. Defendants exceeded the deductible credit allowed pursuant to Section 3(m) of the FLSA by charging Plaintiffs substantially more than the "reasonable cost" of the lodging provided to Plaintiffs as defined in 29 C.F.R. 531.3(a), disqualifying

Defendants from lawfully deducting the costs of lodging from Plaintiff's compensation pursuant to Section 3(m) of the FLSA.

6. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate her for the delay in payment of money due which Defendants instead used as working capital, as well as attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III.  PARTIES

9. Plaintiff Deanthia Edwards resides in Atlanta, Georgia.  Edwards was employed by the Defendants as a housekeeper.  She worked for Defendants within this District. Plaintiff worked for Defendants solely within the State of Georgia.  Plaintiff's duties typically included cleaning rooms, checking in guests, interacting with guests, and general maintenance of Defendants' homes.

10. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

11. Upon information and belief, Defendant KING SUITES is a company based in Atlanta, Georgia, which conducts business within this State and District and maintains its principal place of business at 3760 Cedar Hurst Way, College Park, Georgia 30349. KING SUITES owns and operates a business specializing in providing lodging to the general public.

12. KING SUITES is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.

13. Defendant KING SUITES maintains actual and constructive control, oversight, and direction over the operation of its employees.

14. Defendant RANDALL DOST is the owner and operator of KING SUITES and has actual and constructive control, oversight, and direction over the day-to-day operations of KING SUITES, including, but not limited to, the compensation of KING SUITES employees and the hours those employees work.

15. At all times material to this action, Defendant KING SUITES was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant

KING SUITES specializes in providing hotel rooms services in the States of Georgia to interstate and intrastate travelers. Defendant KING SUITES utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant KING SUITES regularly utilizes materials manufactured outside the state of Georgia for the benefit of Defendant KING SUITES clients. Defendant KING SUITES typically rents rooms to interstate travelers. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant KING SUITES' business.

16. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  VIOLATIONS OF THE FLSA

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

18. Defendants employed Plaintiff as a housekeeper in Atlanta, Georgia.

19. Plaintiff was employed by Defendants from December of 2019 until the present.

20. During Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was not compensated for any time. Plaintiff worked seventeen (17) hours per day (12:00 p.m. through 5:00 a.m.), Monday through Sunday, during each week of her employment. For the majority of Plaintiff's employment with Defendants, Plaintiff worked approximately 119 hours per week.

21. Plaintiff was not paid during her employment.[2]

22. Plaintiff did not receive proper compensation for hours worked during the following weeks applicable to this action: 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, 1/27/20, 2/3/20, 2/10/20, 2/17/20, 2/24/20, 3/2/20, 3/9/20, 3/16/20, 3/23/20, 3/30/20, 4/6/20, 4/13/20, 4/20/20, 4/27/20, 5/4/20, 5/11/20, 5/18/20, 5/25/20, 6/1/20, 6/8/20, 6/15/20, 6/22/20, 6/29/20, 7/6/20, 7/16/20, 7/27/20, 8/6/20, 8/10/20, 8/17/20, 8/24/20, 8/31/20, 9/7/20, 9/14/20, 9/21/20, 9/28/20, 10/5/20, 10/12/20, 10/19/20, 10/26/20, 11/2/20, 11/9/20, 11/16/20, 11/23/20, 11/30/20, 12/7/20, 12/14/20, 12/21/20, 12/28/20, 1/4/21, 1/11/21, 1/18/21, 1/25/21, 2/1/21, 2/8/21, 2/15/21, 2/22/21, 3/1/21, 3/8/21, 3/15/21, 3/22/21, 3/29/21, 4/5/21, 4/12/21, 4/19/21, 4/26/21, 5/3/21, 5/10/21, 5/17/21, 5/24/21, 5/31/21, 6/7/21, 6/14/21, 6/21/21, 6/28/21, 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 8/6/21, 8/13/21, 8/20/21, 8/27/21, 8/4/21, 8/11/21, 8/18/21, 8/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 1/7/22, 2/14/22, 2/21/22, 2/28/22, 3/7/22, 3/7/22, 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, 5/2/22, 5/9/22, 5/16/22, 5/23/22, 5/30/22, 6/6/22, 6/13/22, and 6/20/22.

---

[2] Plaintiff did receive $600 in Wal-Mart gift cards at the beginning of her employment.

23. Plaintiff seeks unpaid minimum wage compensation ($7.25) for 40 hours per week. Specifically, Plaintiff seeks no less than thirty-eight thousand five hundred seventy dollars and zero cents ($38,570.00)[3] in unpaid minimum wage compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid minimum wages of seventy-seven thousand one hundred forty dollars and zero cents ($77,140.00), plus attorney's fees and costs.

**COUNT 2- Violations of the overtime provisions of the FLSA**

24. Throughout Plaintiff's employment with Defendant, and during the applicable temporal scope of this litigation, Plaintiff worked more than 40 hours per week without being paid overtime compensation. Specifically, Plaintiff typically worked 79 hours of overtime each week without any compensation. The amount of unpaid overtime due to the named Plaintiff is one hundred fourteen thousand two hundred sixty-three dollars and sixty-three cents ($114,263.63).[4] Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of two hundred twenty-eight thousand five hundred and twenty-seven dollars and twenty-five cents ($228,527.25), plus attorney's fees and costs.

**COUNT 3- Violations of the anti-retaliation provisions of the FLSA**

---

[3] $7.25 [minimum wage] X 40 [hours per week] X 133 [weeks worked] = $38,570.00

[4] $7.25 [minimum wage] X 1.5 [overtime rate] X 79 [overtime hours worked per week, on average, by Plaintiff] X 133 [number of weeks employed]

25. Defendants unlawfully retaliated against Plaintiff by threatening to immediately evict Plaintiff in violation of Georgia tenancy laws after Plaintiff inquired about potential unpaid wages.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid straight time and overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of minimum wage and overtime compensation due which the Defendants unlawfully used instead as working capital of the business.

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 28th day of June, 2022.

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document has been prepared in 14-point Times New Roman font in compliance with Local Rule 5.1(b).

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff